15094

CULBERTSON v. BLATT *ET AL.*

(9 S. E. (2d), 218)

*Messrs. J. Wiley Brown* and *C. B. Ruffin,* for plaintiff,

*Messrs. Blease & Griffith, George Bell Timmerman, T. M. Boulware, C. T. Graydon, John Grimball* and *Benet, Shand & McGowan,* for defendants,

May 30, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The defendants were elected by the General Assembly to membership on the board of trustees of the University of South Carolina in the manner prescribed by law (Code, § 5713). One of them, after being so elected, was elected to the office of mayor of the Town of Bishopville; another, after being elected as such trustee, was elected to the office of solicitor of the Fourteenth Judicial Circuit; three of the defendants, after being so elected as trustees, were elected as members of the House of Representatives, and the two remaining defendants were elected as State Senators from their respective counties, and were elected to the board of trustees of the University during their terms of office as Senators.

The plaintiff, in his capacity as a citizen and taxpayer, invokes the pertinent constitutional provisions relating to the holding of more than one public office, and in this proceeding seeks an adjudication that the defendants vacated the first of the aforesaid offices to which they were elected, and an

injunction restraining them from performing the duties of such offices.

The constitutional provisions thus relied upon are Article 3, Section 24, which provides that "no person shall be eligible to a seat in the General Assembly while he holds any office or position of profit or trust under this State * * * ; and if any member shall accept or exercise any of the said disqualifying offices or positions he shall vacate his seat"; and Article 2, Section 2, which provides that "no person shall hold two offices of honor or profit at the same time."

By way of return to a rule to show cause, the defendants demurred to the complaint upon the grounds (1) that the plaintiff is without capacity to bring the suit because of the absence of any personal interest in the matter; (2) that the complaint fails to show any right in the plaintiff to prosecute the action, and (3) that there is a misjoinder of causes of action.

In the brief filed by plaintiff's counsel and in the oral argument before this Court, the position of the plaintiff is expressed to be that upon a showing of a palpable violation of a constitutional mandate, a citizen and taxpayer may invoke the arm of the judiciary to correct the violation by such remedies as may be appropriate to the case. He nowhere suggests that he has any personal interest in the matters here involved, other than the interest which all citizens of the State have in common to see that the Constitution and laws of the State are observed. In other words, there is no showing on the part of the plaintiff that he has any personal or individual rights in any of the offices here involved, or that he has suffered or is threatened with any pecuniary loss or damage by anything that he alleges has been done, or that any public funds or property are being misapplied or unlawfully diverted in such manner as to give rise to the institution of a class action on the part of a taxpayer.

At the threshold of the case we are met with issues affecting the fundamental powers and jurisdiction of this

Court, and we deem this case to be one in which the Court should raise the same on its own motion and thereby make such disposition of the case as will fully accord with the governmental principles involved.

In our opinion the maintenance of this action is in the first instance precluded by a consideration of the traditional and constitutional division of powers among the legislative, executive and judicial branches of the government. That elementary constitutional doctrine puts it beyond the power of this Court on a mere allegation that the Legislature has violated a constitutional mandate, to issue a prohibitive or other injunctive or mandatory decree which would have the effect of undoing such violation.

In the case of *Kilbourn v. Thompson*, 103 U. S., 168, 190, 26 L. Ed., 377, 387, the Court said:

"It is believed to be one of the chief merits of the American system of written constitutional law, that all the powers intrusted to government, whether State or national, are divided into the three grand departments, the executive, the legislative, and the judicial. That the functions appropriate to each of these branches of government shall be vested in a separate body of public servants, and that the perfection of the system requires that the lines which separate and divide these departments shall be broadly and clearly defined. It is also essential to the successful working of this system, that the persons intrusted with power in any one of these branches shall not be permitted to encroach upon the powers confided to the others, but that each shall by the law of its creation be limited to the exercise of the powers appropriate to its own department and no other. To these general propositions there are in the Constitution of the United States some important exceptions. One of these is, that the President is so far made a part of the legislative power, that his assent is required to the enactment of all statutes and resolutions of Congress. * * *.

"In the main, however, that instrument, the model on which are constructed the fundamental laws of the States,

has blocked out with singular precision, and in bold lines, in its three primary articles, the allotment of power to the executive, the legislative, and judicial departments of the government. It also remains true, as a general rule, that the powers confided by the Constitution to one of these departments cannot be exercised by another."

In this case we are not dealing with the question whether there is any remedy under the law for the alleged unlawful holding of a public office in the light of the constitutional provisions above referred to. It suffices here to call attention to the fact that the plaintiff shows no legal interest in the maintenance of the action, and that the State itself is not either a nominal or an actual party to the suit. If there is any authority, statutory or otherwise, for the maintenance of a suit of the present character, plaintiff's counsel have failed to call attention to it, and this Court has not been able to find any.

If any of the defendants have vacated their offices as trustees, under the Constitution, by qualifying for other offices to which they have been elected, or if any of them have vacated other offices by qualifying as trustees, there are doubtless remedies for that situation. Certainly the Legislature is fully empowered to deal with it as to those defendants who were elected to other offices after being elected trustees, for the election of new trustees is the function of that body exclusively, and obviously it is beyond the power of this Court to direct the Legislature to perform any duty it may have in that regard.

As to the instances of those defendants who were elected to the Senate before being elected as trustees, and to the question whether they have vacated their offices in the Genral Assembly (which is the sole contention that the plaintiff can make in regard to them), the Constitution expressly prescribes that the Senate and House of Representatives shall be the judges of the qualifications of their own members (Article III, Section 11) and certainly it will not be suggested that this is a field in which the Courts may exer-

cise judicial powers to correct either non-action or wrongful action on the part of these legislative bodies.

As to all of the defendants, the question whether the defendants are violating the Constitution in serving as trustees of the University as the offices to which they were first elected, or in serving in their other offices to which some of them were elected prior to the election to the board of trustees, is a matter of legislative duty and power; that is to say, as to the defendants who, after being elected as trustees, were elected to other offices, the contention of the plaintiff is in effect that the office of trustee was vacated, thus creating a situation calling for action by the Legislature, and not by the Courts, to fill the vacancy; and as to the defendants who were elected to the Senate prior to being elected as trustees, the plaintiff's contention involves the qualifications of these defendants as Senators, a matter wholly within the jurisdiction of the Senate. We know of no judicial ground upon which in this case we could declare the office of trustee of the University vacated after the Legislature has undertaken to fill it, or the office of Senator vacated, when the Senate, by its non-action, has otherwise ruled.

Just as it is not within the power of the General Assembly to reverse a judicial decision by retroactive legislation, or to otherwise interfere with or nullify the judicial process, so it is not within the power of this Court to impinge upon the exercise by the Legislature of a power vested in that body, merely because in the exercise of or failure to exercise that power, some constitutional provision has been violated.

It is one thing to say, as the Courts have uniformly done, that a legislative act which, in violation of the Constitution, deprives a person of life, liberty or property without due process of law, or which impairs the obligation of a contract, or which otherwise infringes the rights of citizens and taxpayers through unlawful diversion of public funds or by impairment of the rights of the in-

dividual, is subjected to judicial restraint and nullification; it is an entirely different thing to say that on the mere ground that a legislative act is in violation of some constitutional provision, the act may be nullified, or the consequences thereof abated, at the suit of any of the tens of thousands of citizens who may have the qualifications of taxpayers.

The holding of public office would be a hazardous and burdensome undertaking if suits of the present character were maintainable on the theory advanced by the plaintiff. In many instances the performance of public duties would have to be relegated to the background while public officials spent their time and expended their financial resourecs in resisting the suits of dissatisfied citizens and taxpayers who, with or without sound moral ground, felt that for personal or political or public reasons an official should not be permitted to serve in the office to which he has been elected or appointed.

On the principles above stated it was recently held by the Supreme Court of the United States that an attack upon the appointment of Mr. Justice Black to that bench on the ground that Mr. Black was ineligible to the office under certain provisions of the Constitution of the United States, and for other alleged reasons affecting the validity of his appointment and confirmation, would not be entertained by the Court on motion of a citizen and a member of the bar of the Court. As that Court said: " *   *   *   The motion papers disclose no interest upon the part of the petitioner other than that of a citizen and a member of the bar of this Court. That is insufficient. It is an established principle that to entitle a private individual to invoke the judicial power to determine the validity of executive or legislative action he must show that he has sustained, or is immediately in danger of sustaining, a direct injury as the result of that action and it is not sufficient that he has merely a general interest common to all members of the public.   *   *   * "

*Ex parte Levitt,* 302 U. S., 633, 58 S. Ct., 1, 82 L. Ed., 493.

The same principle was applied by the same Court in the case of *Newman v. United States,* 238 U. S., 537, 35 S. Ct., 881, 883, 59 L. Ed., 1446, where the plaintiff sought to raise the issue as to the eligibility of a person nominated by the President of the United States to the office of Civil Commissioner of the District of Columbia, which nomination was confirmed by the United States Senate. The plaintiff attempted to induce the Attorney General to institute *quo warranto* proceedings for the purpose of ousting the official in question, and the Attorney General having refused to institute the proceedings, the plaintiff brought the action in his capacity as a citizen and taxpayer of the District of Columbia. By permission of the Court, in accordance with the local statute, the case was brought in the name of the United States on the relation of the plaintiff. The Court said, "Frizzell does not allege that he had been an incumbent of that office and had been unlawfully ousted before his term expired. He does not set up any claim to the office. And, of course, if he, as a citizen and a taxpayer, has the right to institute these proceedings, any other citizen and taxpayer has a similar right to institute proceedings against Newman and all others who 'exercise within the District * * * a public office, civil or military.' District Code, § 1538 (1). Such result would defeat the whole policy of the law which still regards usurpation as a public wrong to be dealt with primarily by the public prosecutors."

The principles hereinbefore invoked have their counterpart in the pertinent principle, long recognized by this Court, that the constitutionality of legislative action in the form of legislation may not be questioned by one who fails to show in his complaint that he has some personal interest in the situation other than that shared in common by other members of the public. *State v. Mittle,* 120 S. C., 526, 113 S. E., 335.

On the general question of the right to maintain a suit of the present character, attention is called to the cases of *State v. Bowen*, 8 S. C., 400; *Newman v. United States*, 238 U. S., 537, 35 S. Ct., 881, 59 L. Ed., 1446.

In the case of *Anderson v. Blackwell*, 168 S. C., 137, 167 S. E., 30, we had occasion to point out that, where the Constitution vests in a political body the determination of matters respecting a contested election, such matters may not be brought for adjudication before a Court either of law or of equity.

We are not to be taken as condoning the obvious jumbling of causes of action which the complaint in this case presents, or as rejecting the forceful argument of counsel for defendants respecting the failure of the plaintiff to comply or to attempt to comply with the provisions of Sections 831 and 833 of the Code.

As hereinbefore pointed out, we feel that the ends of justice will be best subserved by recognizing the foregoing constitutional limitations upon the field of judicial action as the fundamental and controlling reason why the plaintiff is not entitled to maintain his action.

But it must not be inferred from the foregoing that when confronted with the constitutional issue presented by the pleadings herein, in a suit brought in the manner prescribed by law, by one having a legal interest in the controversy, or on any of the recognized grounds of proceedings by taxpayers, we will hesitate to declare the law respecting the holding of two offices under the constitutional provisions hereinabove adverted to. The mandate of this Court in such a suit would be readily enforceable. Its mandate in a case respecting the constitutional issue as attempted to be raised in the present case would be merely an abstract declaration of the law, which is wholly beyond the function of this Court.

For the reasons above stated, the complaint is dismissed.

MR. CHIEF JUSTICE BONHAM and MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS concur.

Mr. Justice Fishburne and Mr. Acting Associate Justice Wm. H. Grimball concur in result.

Mr. Wm. H. Grimball, Acting Associate Justice (concurring in result): I concur in the result of Justice Baker's opinion in this cause. The complaint must necessarily be dismissed for the reason, as stated by Justice Baker, that the plaintiff does not possess the legal interest which, according to the authorities, would give him the right to maintain the suit. *Ex parte Levitt,* 302 U. S., 633, 58 S. Ct., 1, 82 L. Ed., 493; *Newman v. United States,* 238 U. S., 537, 35 S. Ct., 881, 59 L. Ed., 1446.

I am, however, of the opinion that if and when a suit is brought by a properly qualified plaintiff for the enforcement of the provisions of the Constitution, this Court should not hesitate in requiring complete compliance with that document.

Section 24 of Article 3 of the Constitution provides: *"Holding Two Offices.*—No person shall be eligible to a seat in the General Assembly while he holds any office or position of profit or trust under this State, the United States of America, or any of them, or under any other power, except officers in the militia and Notaries Public; and if any member shall accept or exercise any of the said disqualifying offices or positions he shall vacate his seat."

Section 2 of Article 2 of the Constitution provides: "No person shall hold two offices of honor or profit at the same time: Provided, That any person holding another office may at the same time be an officer in the militia or a notary public."