20102

FLORENCE MORNING NEWS, INC., and Richard G. Moisio, Appellants, v. BUILDING COMMISSION OF the CITY AND COUNTY OF FLORENCE et al., Respondents.

(218 S. E. (2d) 881)

*E. N. Zeigler, Esq.,* of Florence, *for Appellants,* cites:

392

*Messrs. Daniel R. McLeod, Atty. Gen., Donald V. My-
ers, Asst Atty. Gen.,* and *EdwardE. Poliakoff, Staff Atty.,*
of Columbia, *for Respondents, and Peter D. Hyman,* of
Florence, *for Respondent, County Council of F l o r e n c e
County* and *William C. Barnes and Finley B. Clarke,* of
Florence, *for Respondent, Building Commission of the City
and County of Florence* and *D. Laurence McIntosh,* of
Florence, cite:

E. N. Zeigler, Esq., of Florence, *for Appellant*, in reply, October 10, 1975.

BRAILSFORD, Acting Associate Justice.

Pursuant to Act No. 818 of 1966, the Building Commission of the City and County of Florence has constructed, and now maintains and operates, a multi-purpose building housing, among other things, court and jail facilities of the City and County. The operation of the building by the Commission and its use by the City and County are also provided for by a contract between these three entities.

The genesis of this controversy was a resolution adopted by the Commission on November 14, 1974, prohibiting inspection of the jail book or log by anyone not "involved in the actual booking procedure." When reporters for the Florence Morning News were denied access to the book, this action was prominently commenced by the newspaper and by its general manager, as plaintiffs.

The complaint purports to state three causes of action. The first, alleging that the closing of the jail book impedes the business of the newspaper and "constitutes a denial of freedom of the press under the Constitution of the United States, Amendment 1 and the Constitution of South Carolina, Article 1, Section 2," seeks injunctive relief under the Freedom of Information Act of 1972. (Article 2.2, Code of 1962, Supplement)

The second cause of action, alleging that the Commission has unlawfully excluded employees of the newspaper from its meetings and denied them access to its minutes and records, seeks injunctive relief against these violations of the Freedom of Information Act.

The third cause of action, alleging that the Commission has assumed custody of the jail and its prisoners without statutory authority or under an unconstitutional statute, thus usurping the statutory duties of the County Sheriff and of City Council, seeks a writ of mandamus requiring the sheriff and council to perform their statutory duties by taking custody of the jail and of the county and city prisoners respectively.

As to the first cause of action, the answer, of the Commission admits having closed the jail book to the public, including the press, but denies that this is in violation of the Freedom of Information Act.

As to the second cause of action, the Commission denies having excluded plaintiff's representatives from its meetings or denied them access to its minutes, except for the minutes of the meeting of November 14, 1974, and alleges this was done only after plaintiffs had declared their intention to challenge by this litigation the action taken at that meeting.

As to the third cause of action, the Commission alleges that it is authorized by the statute creating it and by the contract between the City, County and Commission to operate and maintain the joint jail facilities.

The remaining defendants filed answers of similar import.

After hearing the testimony, the circuit judge filed an order in which he found that the jail book is a public record within the meaning of the Freedom of Information Act and that closing it against inspection by plaintiff's representatives and others was a violation of the Act.

However, instead of directing that the book be made available for inspection, the judge further found:

"I agree with the Building Commission that the presence of the plaintiffs and other members of the general public in the area where the records in question are now kept is not in the best interest of the security and maintenance of the Florence Detention Center. The Commission was well within its authority in passing a rule excluding the plaintiffs and members of the general public from that area. On the other hand, the Commission should take action to make these records available to the plaintiffs and members of the public who desire to see them at some other reasonable time and place. I would suggest that the records be copied on a daily basis and that the plaintiffs and other interested members of the public be allowed to view said copies in the office of the Building Commission or in some other designated place in the Florence City-County Complex. This would constitute a reasonable and legal exercise by the Building Commission of its obligation to promulgate rules and regulations for the operation and maintenance of the Florence Detention Center."

As to the second cause of action, the Court found that the Commission is a public agency within the meaning of the Act and that, with the exceptions enumerated therein, its meetings and records must be open to the public. However, the Court found that the violations alleged in this cause of action had not been proved; that only with respect to the meeting of December 12, 1974, were plaintiffs' representatives denied the right to attend or to inspect the minutes of a meeting; that this meeting was held after the commencement of the action, and that, since the primary purpose of the meeting was to discuss the Commission's legal defense, the exclusion of plaintiffs' representatives was permitted by Section 1-20.3(b) of the Act as codified. In so finding, the Court inadvertently overlooked the admission of the answer with respect to the minutes of the meeting of November 14, 1974, and the testimony of the chairman of the Commission thereabout.

As to the third cause of action, the Court held that control of the jail and of its prisoners was lawfully vested in the Commission by the 1966 Act creating it and by the contract between the County, City and Commission.

Plaintiffs have appealed from all adverse rulings on exceptions which are argued in the brief under four questions. Without considering these seriatim, we shall endeavor to dispose of all points properly before us.

Plaintiffs challenge the finding that concern for the security of the jail justifies the Commission's refusal to allow inspection of the jail book in the booking area and the Court's suggestion that inspection of a copy at some other location be allowed instead. The exceptions to these findings must be sustained. With qualifications not applicable here, the Act directs that the public record "shall be open to inspection and copying during the regular business hours of the custodian of the records." Section 1-20.2. Inspection of a copy of daily entries made in the jail book is not the equivalent of the statutory right to inspect and copy the original record. Security facilities at the command of the jailor appear adequate to cope with any reasonably to be anticipated demand for inspection of the jail book. We find nothing in the transcript to justify the departure from the statute which the order suggests. The order appealed from is modified to require compliance with the statute in this respect.

Plaintiffs charge that the Court erred "in failing to find that the actions of the Building Commission in denying the plaintiffs and the public access to the 'jail book,' meetings of the Building Commission, and access to minutes of the Commission's meetings were a violation of the freedom of press guarantees of the Federal and State Constitutions."

The Court, having explicitly held that plaintiffs were entitled to access to the jail book and to the Commission's meetings, minutes and records under

the Freedom of Information Act, was not required to consider plaintiffs' further claim that they were entitled to like access under constitutional guarantees of freedom of the press. We find no error as assigned.

Plaintiffs insist that the Commission violated the Freedom of Information Act by refusing access to the minutes of the meeting of November 14, 1974, and in holding a secret meeting on December 12, 1974, at which four items of business were taken up, in addition to the lawsuit, which were not permissible subjects for executive session under Section 1-20.3(b).

We have already pointed out the Court's failure to notice the Commission's refusal of access to the minutes of November 14 as a violation of the Act. We must also agree that the exclusion of plaintiffs from the meeting of December 12 while unprivileged matters not related to the lawsuit were discussed and the refusal of access to those minutes constituted violations of the Act. However, the minutes of both meetings were introduced into evidence and are included in the transcript. In the light of this and of the Court's explicit finding that the Commission is a public agency under the Freedom of Information Act and that its meetings, minutes and records must be open to the public to the extent required, we do not consider any remedial action appropriate or necessary.

Plaintiffs charge that the Court erred in failing to grant injunctive relief against future violations of the Act by the Commission. This question is effectively eliminated from the appeal by the concession in respondent's brief that the order does grant injunctive relief. Quoting from the brief, "(T)he court on January 24, 1975, ordered the Commission to make the jail book information available to the public and further ordered that the meetings and minutes of the Commission shall be open to the public under the terms of the Act. This order on its face constitutes injunctive relief, since it commands the defendant Commission to do a positive act."

That the decree of the circuit court relating to the jail book is modified by our judgment does not impair the binding effect of this concession that the order is mandatory, which is a reasonable construction of it.

Finally, plaintiffs urge that the Court erred in refusing the relief sought by the third cause of action, quoting from the complaint, "a Mandatory Order or Writ of Mandamus against the Sheriff of Florence County and the City Council of the defendant, City of Florence, requiring the said defendants to carry out the various duties of their offices as provided by law and in particular to make rules and regulations for the common jail and to assume custody of the common jail and its prisoners."

A private person may not invoke the judicial power to determine the validity of executive or legislative action unless he has sustained, or is in danger of sustaining, prejudice therefrom. "(I)t is not sufficient that he has merely a general interest common to all members of the public. . . ." *Ex parte Levitt,* 302 U. S. 633, 58 S. Ct. 1, 82 L. Ed. 494 (1937). See *Culbertson v. Blatt,* 194 S. C. 105, 9 S. E. (2d) 218 (1940). Furthermore, mandamus will not lie except at the suit of one who "has a specific right for which discharge of the duty (sought to be enforced) is necessary . . ." *Wiblen v. Long,* 262 S. C. 430, 431, 205 S. E. (2d) 174, 175 (1974).

Plaintiffs, who do not sue as taxpayers, have not attempted to prove any prejudice to themselves from the failure of the Sheriff of Florence County and of City Council "to make rules and regulations for the common jail and to assume custody of the common jail and its prisoners." Hence, plaintiffs have no standing to maintain the third cause of action and the exceptions relating to it need not be considered.

Modified and, as modified, Affirmed.

Moss, C. J., and Lewis, Littlejohn and Ness, JJ. concur.