## 21487

Robert A. PIPPIN and Glenda H. Pippin, Respondents, v. Douglas E. BURKHALTER, Margaret P. Burkhalter, and South Carolina Federal Savings and Loan Association, Defendants, of whom South Carolina Federal Savings and Loan Association is, Appellant.

(279 S. E. (2d) 603)

*J. D. Todd, Jr.,* and *Joseph E. Major* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant.*

*Eugene C. Covington, Jr.,* of *Foster, Covington & Patrick,* Greenville, *for respondents.*

June 10, 1981.

HARWELL, Justice:

South Carolina Federal Savings and Loan Association appeals from the verdict allowed against it on a purported claim arising under the Federal Flood Disaster Protection Act. South Carolina Federal contends that its motions for a directed verdict and judgment *non obstante veredicto* were erroneously denied. We agree and reverse.

The provision at issue, 42 U. S. C. A. § 4104a, and the applicable regulation formulated in conjunction with it, 12 C. F. R. § 523.29(h), provide that financing institutions supervised, approved, regulated or insured by the federal government must give purchasers of real property located within special flood hazard areas written notice of that fact prior to the closing of the transaction.

In this instance South Carolina Federal failed to give the respondents Pippin written notice that the home they had

contracted to purchase was within the flood area. It appears from the record, however, that the Pippins had a seller-provided flood insurance coverage provision inserted into the purchase agreement. The loan commitment executed by the appellant was conditional on flood insurance coverage. Indeed, the respondents had knowledge that the creek abutting their lot had flooded its banks once prior to the transaction at issue.

Despite the admitted failure of South Carolina Federal to provide written notice, the respondents had no basis to prosecute their alleged action since the Flood Disaster Protection provision at issue creates no private cause of action by implication. Among the tests applied to federal legislation to determine whether a right of private action is impliedly created is that of assuring that the legislation was enacted for the "especial" benefit of the private party. *Cort v. Ash,* 422 U. S. 66, 95 S. Ct. 2080, 45 L. Ed. (2d) 26 (1975); *Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis,* 444 U. S. 11, 100 S. Ct. 242, 62 L. Ed. (2d) 146 (1979). It is clear that the Flood Act is designed to protect not only borrowers, but the lending institutions themselves as well as their depositors. The purpose of the act is to encourage proper flood insurance coverage on flood risk property. Any "especial" status of the purchaser, as contended for, is diminished by the fact that only a purchaser-borrower from an enumerated financing institution is benefited by the act. The outright purchaser, one assuming a loan made prior to the enactment of this legislation or one giving his vendor a note and mortgage, for instance, are not protected at all. It is clear that the provisions are intended to protect a class of loans supervised, approved, regulated or insured by the federal government and all those associated with such loans. There can be no implied cause of action in the purchaser. Accord, *Till v. Unifirst Federal Savings & Loan Association,* D. Miss.

C. A. J79-0415(R), order of 7/17/80. Enforcement thus falls to the appropriate federal regulatory agency.

We note in passing that even had there been a cause of action, the appellant's motions should have been granted. Respondents had flood insurance coverage. They had actual knowledge of an actual flood onto the property before they agreed to purchase the property. There can be no question that they were on notice of the flood risk and that they were protected against a flood risk. We therefore cannot agree that appellant's omission of notice proximately would have caused the respondents any damages.

The verdict of $5,000 against South Carolina Federal must be set aside.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.