0467

S. M. JOHNSTON and Charles E. Cook, Jr., Appellants, v. CITY OF MYR-
TLE BEACH, a body politic; Lakewood Pleasure Park, Inc.; Philip E.
Perry, C. Shannon Perry, Donald E. Perry and Barbara P. Jones,
d/b/a/ Perry Issue Company; The South Carolina National Bank, as
Trustee; Ponderosa, Inc.; Eric Ficken in his capacity as Mayor and
Councilman of the City of Myrtle Beach; H. E. Pearce, in his capacity as
Councilman of the City of Myrtle Beach, Respondents.

(330 S. E. (2d) 321)

Court of Appeals

*Clinch H. Belser, Jr.*, of *Belser, Baker, Barwick, Ravenel, Toal & Bender*, Columbia, *for appellants.*

*David R. Gravely*, of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers, P.A.*, Myrtle Beach, *for respondents Perry, et al.*

*E. Windell McCrackin*, of *McCrackin & Barnett*, Myrtle Beach, *for respondents City of Myrtle Beach, et al.*

Heard Feb. 27, 1985.

Decided May 14, 1985.

GARDNER, Judge:

Johnston and Cook brought this action against the City of Myrtle Beach (the City) to enjoin the leasing to three of the named Respondents by the city of certain property which the City owns. The trial court sustained a demurrer to the complaint on the grounds that Johnston and Cook lacked standing to maintain the action. We affirm.

The subject property was conveyed to the City by the United States subject to the condition that the revenues derived from any lease, etc., of the property be paid to the Horry County Airport Commission and to be used for the development, operation, maintenance and improvement of airport facilities in the Myrtle Beach area.

Johnston and Cook alleged that in leasing the property the City failed to comply with certain ordinances requiring publication of notices of intent to lease and the giving of an opportunity to the citizens of the City to inspect the proposed leases.

The sole issue on appeal is whether Johnson and Cook have standing to bring this action.

Generally, a private citizen cannot test the validity of executive or legislative action unless he or she has sustained or will sustain prejudice not common to the public from such action. *Florence Morning News v. Building Commission*, 265 S. C. 389, 218 S. E. (2d) 881 (1975).

Specifically, Johnston and Cook complain that the subject property was leased for less than market value which adversely affects the funding of the public airports of the area and thus adversely affects the tourist trade. Johnston owns a motel in the Myrtle Beach area and Cook is involved in the real estate business in this area. Admittedly, both of their businesses are affected by tourism but so are most businesses in the Myrtle Beach area. The record is devoid of evidence that either Johnston or Cook will suffer any prejudice by the leases which is not common to the general public of the City of Myrtle Beach.

Cook also asserts standing since he had a private pilot's license. We find this contention without merit.

We hold that the learned trial judge properly ruled that Johnson and Cook do not have standing to bring this action.

Finally, we note, that a citizen may have standing to sue on a county's cause of action where county board has unjustifiably refused to assert its claim. *Ex parte Harte*, 190 S. C. 473, 2 S. E. (2d) 52 (1939). The plaintiffs have failed to allege that this situation exists.[1]

For the above reason, we affirm the order of the trial judge by which he sustained the demurrer to Johnston and Cook's complaint.

Affirmed.

CURETON and GOOLSBY, JJ., concur.

---

[1] In fact it does not. The record reflects that Horry County and the Horry County Airport Commission have brought an action against the City of Myrtle Beach and the lessees of the subject property.