0542

PEOPLES FEDERAL SAVINGS AND LOAN ASSOCIATION, Formerly Peoples Savings and Loan Association, Respondent, v. Michael C. EDWARDS and Rosa Lee Macklen, Defendants, of whom Michael C. Edwards is Appellant. Appeal of Michael C. EDWARDS.

(334 S. E. (2d) 290)

Court of Appeals

*W. N. Moore, Jr.,* Columbia, *for appellant.*

*J. Stanton Cross, Jr.,* of *Cross, Singleton & Burroughs, P.A.,* Conway, *for respondent.*

Heard June 19, 1985.

Decided Aug. 26, 1985.

SHAW, Judge:

This is a direct appeal from the order of a master in equity in an action to foreclose on a mortgage. Respondent Peoples Federal Savings and Loan Association lent appellant Michael C. Edwards $165,000. Edwards gave the association a mortgage and eventually defaulted. The association brought this action and Edwards counterclaimed,

alleging Peoples violated state banking regulations by making the loan and committed fraud in disbursing the proceeds. The master dismissed the counterclaim, holding Edwards failed to state a cause of action under either the regulations or common law. We affirm.

Our scope of review in actions to foreclose on mortgages permits us to make findings of fact in accordance with our own view of the preponderance of the evidence, even when the counterclaim raises legal issues. *Bryn v. Walker,* 275 S. C. 83, 267 S. E. (2d) 601, 602 (1980).

Edwards applied with Peoples for a $165,000 loan, expecting to obtain $120,000 to buy one-half of a marina. According to the savings and loan's appraiser, Edwards owned property valued at $345,000 in Garden City; although two of his lots were already mortgaged, he was not personally liable on one of the mortgages for $47,000. An association loan officer indicated the loan would be approved, but would take 30 days to process. When Edwards stated he needed $50,000 immediately to keep from losing the opportunity to invest in the marina, Peoples issued a commitment letter for that amount. The commitment letter enabled Edwards to secure a short term note from a bank.

At the closing the loan officer presented Edwards with a Loan Settlement Statement stipulating the association would use $147,000 of the proceeds to pay both mortgages, the short term note, and several fees; only the remaining $18,000 would be available for investment. The loan officer testified he knew Edwards had not anticipated paying the $47,000 mortgage and needed $70,000 to pay for his interest in the marina. Edwards testified he signed the statement because he had to make another payment for the marina. The savings and loan failed to pay the $47,000 mortgage; thus it made a loan not secured by a first mortgage and deviated from the agreed closing statement. The marina failed and Edwards defaulted.

I

State Board of Financial Institutions Regulations 15-9(a) provides, with certain inapplicable exceptions, "no Building and Loan Association shall make any loan ... not secured by a first mortgage on real estate."

Peoples violated this regulation. Nevertheless, the violation does not create a private cause of action for Edwards because he is not a member of the class for whose special benefit the regulation was enacted. *Pippin v. Burkhalter*, 276 S. C. 438, 279 S. E. (2d) 603, 604 (1981). Regulation 15-9 was not enacted to benefit borrowers, but financial institutions; it was not meant to be enforced by private plaintiffs, but by the administrative agency. *See* S. C. Code Ann. § 34-1-60 (1976).

In *Pippin* the court held although a savings and loan association contravened the Federal Flood Disaster Protection Act and its regulations, the violation did not create a private cause of action for purchasers because the legislation was enacted to benefit lending institutions. 279 S. E. (2d) at 604. Other courts have applied the same test to determine whether infractions of banking laws or regulations create private causes of action. *See, e.q., Shaw v. Cook County Federal Savings and Loan Association*, 139 Ga. App. 419, 228 S. E. (2d) 326, 328 (1976), and *Butts v. Atlanta Federal Savings and Loan Association*, 152 Ga. App. 40, 262 S. E. (2d) 230, 233 (1979) (violation of Home Owners' Loan Act of 1933 by associations did not create private causes of action for borrowers); *Home Federal Savings and Loan Association of South v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 525 F. Supp. 393, 396 (N. D. Ala. 1981) (violation of Depository Institutions Deregulation Committee regulations by securities brokerage firm did not create private cause of action for association); and *First Hawaiian Bank v. Alexander* 558 F. Supp. 1128, 1130 (D. Hawaii 1983) (violation of Federal Home Loan Bank Board and state banking regulations by officers and directors did not create private cause of action for association).

## II

The Loan Settlement Statement provided Peoples would pay the $47,000 mortgage. Peoples failed to follow this part of its agreement. Nevertheless, Edwards has not stated a cause of action for fraud because he has not alleged (1) a representation, (2) its falsity, (3) its materiality, (4) the association's knowledge of its falsity, (5) intent it be acted upon, (6) his ignorance of its falsity, (7)

reliance, (8) right to rely, and (9) consequent and proximate injury. He has alleged only, "The Plaintiffs 'Loan Settlement Statement' is founded in deceit and constitutes a deliberate and fraudulent act by Plaintiff." "It is essential the nine elements of fraud be reasonably inferable from the allegations of the pleading to state a good cause of action." *Mutual Savings and Loan Association v. McKenzie*, 274 S. C. 630, 266 S. E. (2d) 423, 425 (1980).

Affirmed.

BELL and CURETON, JJ., concur.