1750

Carroll B. WHITTLE, Appellant v. C.E. JEFFCOAT, Iva Mae Jeffcoat, Mae C. Jeffcoat and the Town of Salley, a Municipal Corporation, Respondents.

(413 S.E. (2d) 865)

Courts of Appeals

*H. Ray Ham,* West Columbia, *for appellant.*

*Julian B. Salley, Jr.,* and *F. Alex Beasley,* of *Bland & Beasley,* Aiken, *for respondents.*

Heard Nov. 12, 1991.

Decided Jan. 6, 1992.

BELL, Judge:

This is an action, *inter alia,* for a declaratory judgment that a public sale of land owned by a municipality is invalid because the ordinance providing for the sale did not have two readings as required by Section 5-7-260, Code of Laws of South Carolina, 1976. Carroll B. Whittle brought the action against the Town of Salley, the municipality that sold the land, C.E. Jeffcoat, the purchaser of the land at the public sale, and Iva Mae Jeffcoat and Mae C. Jeffcoat, relatives of C.E. Jeffcoat who

are alleged also to have an interest in the land. The Town and the Jeffcoats moved to dismiss the declaratory judgment action on the ground that Whittle lacked standing to maintain it. After a reference to the master in equity, the circuit court held that Whittle had no standing to challenge the sale and dismissed the action. Whittle appeals. We affirm.

Pursuant to a municipal ordinance enacted for that purpose, the Town placed for public sale certain property it owned outside the town limits commonly known as the "Old Salley Trash Dump." Whittle owns land adjacent to the dump and desired to acquire a portion of the dump bordering on his land. To this end, Whittle alleges, he entered an oral agreement with C.E. Jeffcoat in which Jeffcoat agreed to purchase the entire tract at public auction and then convey to Whittle the portion he wanted. Jeffcoat purchased the property, but allegedly refused to convey the portion to Whittle. Whittle now seeks to invalidate the sale to Jeffcoat so that he may bid on the property when the Town again offers it for sale. Whittle is not a resident, landowner, or taxpayer in the Town of Salley. He has no contractual relationship with the Town nor was he a bidder at the public sale.

Section 15-53-30, Code of Laws of South Carolina, 1976, provides in pertinent part:

> Any person . . . whose rights, status or other legal relations are affected by a . . . municipal ordinance . . . may have determined any question of construction or validity arising under the . . . ordinance . . . and obtain a declaration of rights, status or other legal relations thereunder.

In order to seek a declaratory judgment under this statute, the plaintiff must show he has a legally recognized right, status or other relationship that is affected by the ordinance in question. *Cf., Blandon v. Coleman,* 285 S.C. 472, 330 S.E. (2d) 298 (1985); *Florence Morning News, Inc. v. Building Commission of the City and County of Florence,* 265 S.C. 389, 218 S.E. (2d) 881 (1975); *Johnston v. City of Myrtle Beach,* 285 S.C. 453, 330 S.E. (2d) 321 (Ct. App. 1985). Whittle concedes this point of law. He argues, however, that he has shown the necessary legal interest to pursue this action. In support of his argument, he identifies both his desire to purchase the property in question and his relationship to

C.E. Jeffcoat as a "feuding neighbor" as a status or relationship allowing him to challenge the ordinance and sale.

Whittle's desire to purchase the property is not a cognizable legal interest under the statute. It gives him no enforceable legal rights. Likewise, his claimed position as a "feuding neighbor" of Jeffcoat is not a status or relationship legally recognized by the courts. Being a neighbor gives him no enforceable rights against the Town or the Jeffcoats with respect to the ordinance and sale. Accordingly, we hold that Whittle has not shown that he has a right, status, or other relationship affected by the ordinance. It follows that he has no standing to sue for a declaratory judgment regarding its validity.

Affirmed.

SHAW and CURETON, JJ., concur.