## 23652

CITIZENS FOR LEE COUNTY, INC.; Franklin E. Weeks; and Bettie Toney, Appellants v. LEE COUNTY, a political subdivision; Mid-American Waste Systems, Inc.; and J. Calvin Joyner, Herman H. Felix, W. Ray Alexander, Jr., C. Arthur Beasley, Luther D. Bramlette, Ben E. Watkins and Thomas H. Woodham, in their official capacity as members of the County Council for Lee County; and Barry Hickman, in his official capacity as County Administrator, Respondents. MID-AMERICAN WASTE SYSTEMS, INC., Mary C. Elmore, Russell R.B. Shaw, Alice S. Stuckey, Charles G. Stuckey, Heyward A. Stuckey and James A. Stuckey, Jr., Respondents v. LEE COUNTY, a political subdivision; and J. Calvin Joyner, Herman H. Felix, W. Ray Alexander, Jr., C. Arthur Beasley, Luther D. Bramlette, Ben E. Watkins, and Thomas H. Woodham, in their official capacity as members of the County Council of Lee County, Respondents, and Citizens for Lee County, Inc., Appellant.

(416 S.E. (2d) 641)

Supreme Court

24

*Belton T. Zeigler*, of *Lewis, Babcock & Hawkins*, Columbia, *for appellants*.

*Paul M. Fata*, of *Stuckey, Fata & Segars*, Bishopville, *for respondent Lee County* and the *individual respondents in their official capacity as members of the County Council of Lee County* and *Lee County Administrator*.

*Jacob H. Jennings*, of *Jennings and Jennings*, Bishopville, and *Dwight F. Drake, Stuart M. Andrews, Karen A. Crawford* and *James F. Rogers*, of *Nelson, Mullins, Riley & Scarborough*, Columbia, *for respondent Mid-American Waste Systems, Inc.*

*M.M. Weinberg, Jr.*, of *Weinberg, Brown & McDougall*, Sumter, *for individual respondents, Mary C. Elmore, Russell R.B. Shaw, Alice S. Stuckey, Charles G. Stuckey, Heyward A. Stuckey*, and *James A. Stuckey, Jr.*

Heard Feb. 4, 1992; Decided Apr. 22, 1992.

Reh. Den. May 19, 1992.

FINNEY, Judge:

In these two consolidated actions for declaratory relief, the appeals are from circuit court orders wherein the judge ruled in the first case that appellants, Citizens for Lee County, Inc. (CLC), Franklin E. Weeks and Bettie Toney, had failed to establish their right to assert a claim under S.C. Code Ann. § 11-35-50 (1976), and dismissed the first and second causes of action of appellants' amended complaint. In the second case, the trial court ruled that the Lee County Ordinance of November 6, 1990, was invalid and inapplicable to the amended contract of June 11, 1990, between Respondents Mid-American Waste Systems, Inc. (MAWS), and Lee County. We affirm.

On February 11, 1990, Lee County entered into a contract

with MAWS for the construction and operation of solid waste disposal facilities. As consideration for allowing the landfill to locate in the county, Lee County would receive a portion of the expected profits from the operation and free disposal of its solid waste for 30 years. Under the terms of the agreement, MAWS would assume operation of the existing Lee County landfill and construct another privately-owned, state-of-the-art landfill in Lee County. The new facility would serve as a solid waste recycling and disposal facility and accept solid waste from throughout the eastern region of the United States. The landfill would be constructed on a two hundred acre site and could accept up to 3,500 tons of waste per day. At maximum capacity, the landfill would attain a height of approximately 165 feet.

In the spring of 1990, MAWS took over the existing landfill. In anticipation of constructing the new facility, MAWS contracted with local property owners to purchase land, conducted geological studies, and applied to the Department of Health and Environmental Control for the required permits. As public awareness of the planned landfill increased, local citizens expressed concern over the effects of locating a mega landfill in their county and questioned the actions of County Council. As a result, an amended contract was executed on June 11, 1990, which included a prohibition on accepting waste from out-of-state sources.

In October of 1990, appellants instituted a declaratory judgment action against the respondents seeking to invalidate the amended contract under S.C. Code Ann. § 4-9-130 (1982), which mandates a public hearing before selling, leasing, or entering a contract to sell or lease county-owned real property; and under S.C. Code Ann. § 11-35-50 (1976), which provides for th adoption of competitive procurement practices by state and local governmental entities.

By a referendum on November 6, 1990, the Lee County electorate adopted an ordinance (the ordinance) which required private landfill operators to obtain permits from the Lee County Planning Council and limited the amount of waste to be received by privately-owned landfills located within the county. The ordinance imposed a daily limit of 150 tons and restricted the maximum capacity to 100 million tons. County

Council scheduled the ordinance for first, second, and third readings on November 29, 1990, December 11, 1990, and January 8, 1991, respectively.

Subsequent to the November referendum, the appellants amended their complaint to request a declaration validating the ordinance. CLC, contending the ordinance validly restricted the amended contract, was permitted to intervene in appellants' suit. In December of 1990, MAWS and respondents, Mary C. Elmore, Russell R.B. Shaw, Alice S. Stuckey, Charles G. Stuckey, Heyward A. Stuckey, and James A. Stuckey, Jr., brought an action to have the ordinance declared invalid and unenforceable as to the amended contract and sought a preliminary and permanent injunction against its enforcement. The two cases were later consolidated for trial.

Thereafter, respondents moved to have appellants' first two causes of action dismissed. The trial court granted the motion based upon its finding 1) that respondents did not contract to sell or lease county-owned property; hence, Section 4-9-130 was inapplicable; and 2) that appellants had no express or implied cause of action under Section 11-35-50. The appeal to this Court ensued.

During pendency of the appeal on the dismissal of appellants' first two causes of action, a non-jury trial was held on the remaining issues. The judgment of the trial court was that the ordinance was invalid as to the amended contract and that the parties were entitled to proceed thereunder. This decision was also appealed, and the two appeals were consolidated for disposition before this Court.

We address first appellants' contention that the trial judge erred in dismissing the First and Second Causes of Action in the Amended Complaint for Declaratory Relief.

Appellants' First Cause of Action alleges a violation of Section 4-9-130, the public hearing requirements of the Home Rule Act, in the adoption of the contract to lease real property owned by Lee County. Appellants assert that the transfer of the operation of Lee County's existing landfill constitutes a lease of county property, and they were entitled to the right to establish proof that the landfill was real property within the meaning of the statute. Section 4-9-130 provides in pertinent part:

Public hearings, after reasonable public notice, must be held before final council action is taken to:

&ast; &ast; &ast; &ast; &ast; &ast;

(6) [s]ell, lease or contract to lease real property owned by the county.

In construing statutes, the terms used therein must be taken in their ordinary and popular meaning. *Laird v. Nationwide Ins. Co.*, 243 S.C. 388, 134 S.E. (2d) 206 (1964). When such terms are clear and unambiguous, there is no room for construction and courts are required to apply them according to their literal meaning. *Gunnels v. American Liberty Ins. Co.*, 251 S.C. 242, 161 S.E. (2d) 822 (1968).

It is uncontested that Lee County did not own the subject property and operated the landfill by virtue of a leasehold from a third party. Under the clear and unambiguous language of the statute, we discern no legislative intent to include property rights held by lease agreement. This Court finds that Lee County's contract with MAWS for the management and operation of the existing landfill does not constitute a lease of county-owned real property within the meaning of Section 4-9-130(6); hence, the public hearings provision is inapplicable.

Appellants Second Cause of Action alleges a violation of Section 11-35-20, the Procurement Code, contending that Lee County has failed to adopt competitive procurement laws and practices, thereby rendering its contract with MAWS void and unenforceable.

The threshold consideration here is whether or not appellants—a special-interest group and two private citizens—have an implied cause of action under the statute, since no private right of action is expressly provided. In *Pippin v. Burkhalter*, 276 S.C. 438, 279 S.E. (2d) 603 (1981), this Court held that assuring that legislation was enacted for the special benefit of the private party is a test for determining whether a right of private action is created by implication. *See also Cort v. Ash*, 422 U.S. 66, 95 S. Ct. 2080, 45 L. Ed. (2d) 26 (1975).

It is our view that the purposes and policies of Section 11-35-50, The South Carolina Consolidated Procurement Code, evinces no underlying intent to benefit concerned citizens' groups or private parties. This Court con-

strues the requirement for utilization of competitive procurement practices to be in furtherance of the stated purposes for the benefit of those having a direct, intrinsic interest in the procurement practices of governmental entities. We conclude that no implied right of private action accrues to the appellants under Section 11-35-50.

Appellants contend this case raises the issue of standing and not a question concerning private rights of action.

The issue of standing was addressed in *Florence Morning News v. Building Comm'n*, 265 S.C. 389, 218 S.E. (2d) 881 (1975); wherein we held that a private party "may not invoke judicial power to determine the validity of executive or legislative action unless he has sustained, or is in danger of sustaining, prejudice therefrom." *Id.*, 218 S.E. (2d) at 884-885. Moreover, such imminent prejudice must be of a personal nature to the party laying claim to standing and not merely of general interest common to all members of the public. *Ex Parte Levitt*, 302 U.S. 633, 58 S. Ct. 1, 82 L. Ed. 493 (1937); *Energy Research Foundation v. Waddell*, 295 S.C. 100, 102, 367 S.E. (2d) 419, 420 (1988) [*citing Toussaint v. State Bd. of Medical Examiners*, 285 S.C. 266, 329 S.E. (2d) 433 (1985)].

In the present case, absent a showing of a direct, intrinsic interest in the procurement practices under consideration, we find that appellants' interest or the inurement of any alleged prejudice to the appellants is indistinguishable from that of other members of the general public. Hence, appellants lack standing to maintain suit under Section 11-35-50.

Appellants' second appeal challenges the trial judge's determination that the November 6, 1990, ordinance violated the Contract Clause, U.S. Const. Art. I, § 10; S.C. Const. Art. I, § 4 and, therefore, was invalid and inapplicable as it pertains to the Amended Contract between Lee County and MAWS. The trial judge concluded:

1. The ordinance was invalid as it affects the contract and violates the Pending Ordinance Doctrine; in that
   a) it impairs the contract;
   b) such impairment substantially disrupts the reasonable expectations of the parties to the contract; and

c) it is unconstitutionally unreasonable and unnecessary.

The general purpose of the Contract Clause is to encourage trade and credit by promoting confidence in the stability of contractual obligations. While the Clause prohibits the government from arbitrarily impairing the obligations of contract, there must be a careful balancing of the competing interests involved. *See Home Bldg. & Loan Ass'n v. Blaisdell,* 290 U.S. 398, 54 S. Ct. 231, 78 L. Ed. 413 (1934).

The United States Supreme Court in *United States Trust Co. v. New Jersey,* 431 U.S. 1, 97 S. Ct. 1505, 52 L. Ed. (2d) 92 (1977), set forth an analysis for determining whether a violation of the Contract Clause of th Federal Constitution has occurred. First, there must be a preliminary determination that there exists a technical impairment of the contract. Second, such impairment must be unconstitutional; and there must be a substantial impairment of the parties' rights under the contract. Finally, it must be ascertained whether the impairing law is reasonable and necessary under the circumstances.

In the case under consideration, the limitations imposed on the contract by the ordinance renders the objective of operating a regional waste disposal and recycling facility virtually impossible. In deciding whether there has been a substantial impairment, we look to the intent and expectations of the parties. *See Energy Reserves Group, Inc. v. Kansas Power and Light Co.,* 459 U.S. 400, 103 S. Ct. 697, 74 L. Ed. (2d) 569 (1987). The contract envisioned the new landfill accepting up to 3,500 tons of waste per day, including the obligatory amount from Lee County. The evidence reflects that Lee County generates approximately 50 tons of waste a day. Thus, the daily restriction of 150 tons imposed by the ordinance would allow the landfill to accept a maximum of only 100 tons per day from all other sources combined. In view of these facts, we conclude that the ordinance both technically and substantially impairs the contract.

In order to avoid a Contract Clause violation, the ordinance must be reasonable and necessary to carry out a legitimate government purpose. Reasonableness is determined by the extent to which the ordinance impairs the

contract. For necessity, we consider whether the ordinance is essential and whether the County's objectives could be achieved by less drastic alternatives. *See United States Trust, supra.*

There is evidence in the record indicating that it would not be economically feasible for the County to construct a landfill that complies with the ordinance and the requirements of the Environmental Protection Agency. Consequently, the ordinance prevents the County from solving its waste disposal problems by contracting with private sources for the operation of landfills in the County. Additionally, there is evidentiary support for the conclusion that the goal of protecting the environment, which the County sought to achieve by enacting the ordinance, could have been achieved by less restrictive alternatives. Expert testimony in the record indicates that the specific capacity limitations of the ordinance are unnecessary because proper design and management of the landfill could prevent severe detriment to the environment.

We find that the ordinance unconstitutionally impairs the contract and is rendered invalid and unenforceable as to such contract.

Accordingly, this Court affirms the ruling and judgment of the circuit court dismissing the first two Causes of Actions of appellants' Amended Complaint and declaring the ordinance invalid and inapplicable as it pertains to the contract between Lee County and MAWS.

Affirmed.

HARWELL, C.J., CHANDLER and TOAL, JJ., and Acting Associate Justice JOHN P. GARDNER, concur.