22095

Ronald FLOYD, Appellant, v. SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION, Respondent.

(316 S. E. (2d) 143)

Supreme Court

*John L. Saxon,* Danville, *for appellant.*

*Sandra D. Bell* and *William D. Griffin,* Columbia, *for respondent.*

May 7, 1984.

LITTLEJOHN, Justice:

This proceeding was commenced in the Circuit Court pursuant to the administrative procedures act of the Code of Laws of South Carolina (1976), Sections 1-23-310 et seq., for judicial review of a final administrative decision by the South Carolina Employment Security Commission (Commission) which denied the claim of an employee, Ronald Floyd, for extended unemployment compensation benefits. The Circuit Court judge concluded that the Commission was correct. We also affirm.

In his appeal to this Court, Floyd raises two issues, submitting:

(1) The federal and state statute, when read together, require that the disqualification of a person for extended benefits be based on his most recent employment; and (2) Section 42-35-420(6) violates right to equal protection under both the federal and state constitutions.

The facts are undisputed. Floyd was discharged from his employment on November 12, 1981. He applied for unemployment compensation benefits. The Commission disqualified him from receiving any benefits for seven weeks because he had been discharged for misconduct. *South Carolina Code Ann.* Section 41-35-120(2). A benefit year was established for him from November 8, 1981 to November 7, 1982. After the seven weeks of disqualification expired in January 1982, Floyd began drawing regular unemployment benefits. Payment continued until May 1982 when he became employed with a different company.

Here, we point out that regular benefits allow payments for twenty-six weeks minus disqualification weeks — here seven. In addition to regular benefits, the law provides that one, who has under certain circumstances exhausted regular benefits and is still unemployed, may draw thirteen additional weeks of extended benefits.

In July 1982, Floyd, through no fault of his own, again became unemployed. His regular benefits continued until he had drawn nineteen weekly checks. When these regular benefits were exhausted, Floyd applied for extended benefits. Even though Floyd had worked after he had been disqualified, the Commission, pursuant to Section 41-35-420(6), found him ineligible for extended benefits because of the disqualification during his benefit year.

Floyd had worked before but not after he had applied for extended benefits. Under Section 41-35-420(6), only employment after a person has applied for extended benefits will terminate a disqualification. The Commission correctly found that Floyd's second employment did not terminate the previous disqualification. Section 41-35-420(6) states:

An individual shall not be eligible to receive extended benefits with respect to any week of unemployment in his eligibility period if such individual has been disqualified for regular or extended benefits under the chapter be-

cause he or she voluntarily left work, was discharged for misconduct or failed to accept an offer of or apply for suitable work unless the disqualification imposed for such reasons has been terminated in accordance with specific conditions established under the South Carolina Employment Security Law requiring the individual to perform service for remuneration subsequent to the date of such disqualification.

If the disqualification which was imposed did not require the individual to perform service for remuneration subsequent to the date of such disqualification such individual will be ineligible for extended benefits beginning with the effective date of the request for initiation of an extended benefit claim series and continuing until he has secured employment and shows to the satisfaction of the Commission that he has worked in each of at least four different weeks whether or not such weeks are consecutive, and earned wages equal to at least four times the weekly benefit amount of his claim.

This section is consistent with the requirements of federal law.[1] The program of unemployment benefits is a joint federal—state program funded by both state and federal governments. The states are not free to fashion their own rules and regulations but must follow the dictates of the federal law. Section 202(a)(4) of the federal act requires that a person who has been disqualified from receiving regular benefits must terminate that disqualification to get extended benefits. Under the requirement, termination may occur only if that person is employed for a period of time after the disqualification.

Section 41-35-420(6) of our Code enacted to comply with the requirements of Section 202(a)(4). It requires that a person may terminate a disqualification from extended benefits only by employment *after* he has applied for extended benefits. The statute does not require that the disqualification be in connection with a person's most recent employment.

---

[1] The Federal Unemployment Tax Act (26 U.S.C. § 3301 *et seq.*) and The Federal—State Extended Unemployment Compensation Act of 1970 (26 U.S.C. § 3304 note).

Floyd argues that Section 41-35-120(2) should apply. It ■ specifies that a person is disqualified from regular benefits if he loses his job as a result of misconduct. Under Section 41-35-120(2) that disqualification terminates automatically after a period of time specified by the Commission. Because of Section 202(a)(4), Section 41-35-120(2), which governs regular benefits, cannot apply to extended benefits. Section 41-35-120(2) does not require a person to be employed to terminate a disqualification. Therefore, it cannot be used to determine when a disqualification ends so that a person can receive extended benefits. To allow otherwise would controvert Section 202(a)(4) of the federal act.

Floyd also argues that Section 202(a)(2) is applicable to this situation. It requires that state laws governing regular benefits also govern extended benefits, as long as that requirement is not inconsistent with other provisions of the federal act. As explained, the application of Section 41-35-120(2) to this situation would controvert the requirements of Section 202(a)(2). Therefore, Section 202(a)(2) is of no effect in this situation.

Floyd argues that the application of Section ■ 41-35-420(6) violates his right to equal protection.

"Statutes are to be construed in favor of constitutionality, and the court will presume a legislative act is constitutionally valid unless a clear showing to the contrary is made . . . No statute is subject to an equal protection challenge if the classification drawn bears a reasonable relationship to a legitimate state policy." *Bradley v. Hollander*, 277 S. C. 327, 330, 287 S. E. (2d) 140, 141 (1982). The constituents of each class must be treated alike under similar circumstances and conditions. *Bauer v. South Carolina State Housing Authority*, 271 S. C. 219, 235-36, 246 S. E. (2d) 869, 878 (1978).

Floyd has failed to persuade this court that this statute ■ is unconstitutional. It sets out certain qualifications that must be met to get extended benefits. It is not rendered invalid because individuals find it difficult to meet the necessary qualifications. *Id.* at 236-37, 246 S. E. (2d) at 878.

Floyd is not precluded from obtaining extended benefits. He need only meet the requirements of the statute to gain the benefits. The purpose of this statute is to penalize those workers who have been previously disqualified from receiving regular benefits. This court is unable to say that the require-

ments of Section 41-35-420(6), (that the worker be employed *after* he applies for extended benefits to terminate a disqualification), is not rationally related to the purpose of the statute. The statute violates neither the state nor the federal constitutions.

For the above stated reasons, the judgment of the circuit Court is

Affirmed.

LEWIS, C. J., and NESS, GREGORY, and HARWELL, JJ., concur.