23693

Edward ROTHSCHILD, a/k/a Ed Rothschild, d/b/a Video News, Appellant v. RICHLAND COUNTY BOARD OF ADJUSTMENT, Respondent.

(420 S.E. (2d) 853)

Supreme Court

*H. Louis Sirkin* and *Edmund J. McKenna,* both of *Sirkin, Pinales, Mezibov & Schwartz,* Cincinnati, Ohio, and *John D. Delgado,* Columbia, *for appellant.*

*Ronald M. Childress,* of *Richland County Attorney's Office,* Columbia, and *Benjamin W. Bull,* of *American Family Ass'n Law Center,* Tupelo, Miss., *for respondent.*

Heard June 5, 1992.

Decided Aug. 10, 1992.

CHANDLER, Justice:

Edward Rothschild, d/b/a Video News (Rothschild), ap-

peals an Order holding constitutional, as applied to him, Article 8A of the Richland County Code of Ordinances. We affirm.

## FACTS

Article 8A of the Richland County Code of Ordinances (ordinance) requires that sexually oriented businesses be situate in a C-3 zoning district, and be at least 1000 feet from a church, school, park, residential area, or another sexually oriented business. This ordinance, enacted August 19, 1987, provides a two-year period for compliance.

Rothschild operated three sexually oriented businesses from a single location on Two Notch Road in Richland County. He was notified that the businesses, being within 1000 feet of a church and of each other, violated the ordinance. Following Rothschild's failure to relocate within the two-year period, his permits were suspended. Thereafter, he commenced this action in Circuit Court, alleging that the ordinance effectively denied him a reasonable opportunity to operate a sexually oriented business in the County. The ordinance was upheld.

## ISSUES

1. Does Article 8A, as applied to Appellant Rothschild, unconstitutionally restrict his right to operate a sexually oriented business?
2. Is Appellant Rothschild required to establish the unconstitutionality of Article 8A "beyond a reasonable doubt"?

## DISCUSSION

### A. *Article 8A*

In *Centaur v. Richland County*, 301 S.C. 374, 392 S.E. (2d) 165 (1990), we upheld Article 8A[1] as a valid "time, place and manner" regulation since it provides reasonable alternative avenues of communication for adult businesses:

> That respondents must fend for themselves in the real estate market, on an equal footing with other prospective purchasers and lessees, does not give rise to a First

---

[1] Article 8A is discussed fully in *Centaur* and is attached thereto as an appendix.

Amendment violation. And although we have cautioned against the enactment of zoning regulations that have "the effect of suppressing, or greatly restricting access to, lawful speech," we have never suggested that the First Amendment compels the Government to ensure that adult theatres, or any other kinds of speech-related businesses for that matter, will be able to obtain sites at bargain prices. In our view, the First Amendment requires only that Renton refrain from effectively denying respondents a reasonable opportunity to open and operate an adult theater within the city. . . .

301 S.C. at 379, 380, 392 S.E. (2d) at 168, *quoting City of Renton v. Playtime Theatres*, 475 U.S. 41, 51, 106 S. Ct. 925, 932, 89 L. Ed. (2d) 29, 42 (1986) (Citations omitted).

Rothschild concedes that *Centaur* upholds the ordinance as facially constitutional. He contends, however, that as applied to him, it acts to completely ban his sexually oriented businesses and deprives him of any avenue of communication. He relies on the trial testimony of Cheryl Smoak, a licensed real estate agent. Smoak testified that she could find no available property for relocation of Rothschild's businesses which was both "commercially viable"[2] *and* in compliance with the ordinance.

The Fourth Circuit United States Court of Appeals recently addressed the issue of "commercial viability." In *D.G. Restaurant Corp. v. City of Myrtle Beach*, 953 F. (2d) 140 (4th Cir. 1991), it upheld an ordinance similar to Article 8A that restricted those businesses offering nudity to a certain zoning area. The Court, in considering the argument of "commercial viability," held:

It is argued that this restriction leaves an opportunity to operate adult businesses only in the C-9 zone, which is limited to a few poorly lit sites in industrial areas, far from the tourist-oriented businesses. While D.G. Restaurant may not find it as commercially desirable to operate

---

[2] Smoak eliminated certain prospective sites on the basis of "commercial viability," including property that was not in a convenient location, property that was cost prohibitive, property that required remodeling, and property that could not accommodate all three of Rothschild's sexually oriented businesses.

in such locations, it has not been demonstrated that the restriction to a C-9 zone will impede the restaurant's ability to convey its message to those listeners who desire to be enlightened by it. *The decision to restrict adult businesses to a specific area does not oblige the city to provide commercially desirable land.*

953 F. (2d) at 147 (Emphasis supplied).

We agree with *D.G. Restaurant Corp.* and hold that "commercial viability" is irrelevant to the consideration of whether alternative avenues exist for sexually oriented businesses to operate.

Here, Richland County proposed fourteen locations that qualified under the ordinance. The fact that Rothschild did not find these locations commercially desirable does not effectuate a banning of his businesses.

We uphold Article 8A as constitutionally valid when applied to Rothschild and his sexually oriented businesses.

### B. *Burden of Proof*

The trial judge held that Rothschild failed his burden of proving the ordinance unconstitutional "beyond a reasonable doubt." Rothschild now argues that, since the ordinance was being challenged *as applied,* rather than *on its face,* he was required to establish only a *prima facia* case of unconstitutionality. We disagree.

It is well settled that ordinances, as with other legislative enactment, are presumed constitutional; their unconstitutionality must be proven beyond a reasonable doubt. *Centaur, supra; Robinson v. Richland County Council,* 293 S.C. 27, 358 S.E. (2d) 392 (1987). The fact that Rothschild challenges the ordinance, *as applied,* does not lessen the burden. *Cf. Edens v. City of Columbia,* 228 S.C. 563, 91 S.E. (2d) 280 (1956); *Richards v. City of Columbia,* 227 S.C. 538, 88 S.E. (2d) 683 (1955).

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.