24497

PEOPLES PROGRAM FOR ENDANGERED SPECIES, Jim Saviano and Nancy Saviano, Appellants v. Thomas J. SEXTON, in his official capacity and the Town of Mount Pleasant, Respondents.

(476 S.E. (2d) 477)

Supreme Court

*Vincent James Saviano* and *Nancy L. Saviano,* Mount Pleasant, *pro se appellants.*

*Stephen P. Groves, John Hamilton Smith* and *Stephen L. Brown,* all of *Young, Clement, Rivers & Tisdale,* Charleston and *R. Allen Young,* Mount Pleasant, *for respondents.*

Submitted Feb. 21, 1996.

Decided Sept. 23, 1996.

FINNEY, Chief Justice:

Appellants commenced this action seeking declaratory judgment and injunctive relief. We affirm.

Appellants Jim and Nancy Saviano are principals of Peoples Program for Endangered Species (a nonprofit corporation) and own three wolves who live in their home. Respondent Thomas Sexton is the Town of Mount Pleasant Chief of Police. Appellants instituted this action challenging the constitutionality of Mount Pleasant's Town Ordinance No. 93050. This ordinance prohibits the possession of any "vicious or dangerous domesticated animal or any other animal . . . of wild, vicious or dangerous propensities." The ordinance specifically makes it unlawful to possess wolves within the Town. Exceptions are

provided for private nonprofit organizations established for educational purposes if: 1) the location conforms to the provisions of the Town's zoning code; 2) animals are kept in clean and sanitary conditions; 3) animals are maintained in quarters to prevent their escape; and 4) no person lives or resides within 200 feet of the animals' quarters. Appellants claim they can meet the first three conditions of the exception. Following a hearing, the circuit court denied appellants' claim for declaratory and injunctive relief. Appellants raise several issues on appeal.

### Violation of Due Process

Appellants contend their due process rights were violated because the ordinance was passed after they had purchased the house and without notice that the ordinance was under consideration. The circuit court held the ordinance does not violate their due process rights because it pertains to the regulation of animals and an ordinance regulating the keeping of animals within municipal limits is a valid exercise of the police power delegated to a municipality if the ordinance is not unreasonable or arbitrary. 4 Am. Jur. (2d) *Animals* § 21 (1995). See *Sentell v. New Orleans and Carrollton R.R. Co.*, 166 U.S. 698, 17 S.Ct. 693, 41 L.Ed. 1169 (1897).

"[I]n determining what is due process of law we are bound to consider the nature of the property, the necessity for its sacrifice, and the extent to which it has heretofore been regarded as within the police power . . . but, so far as it is dangerous to the safety or health of the community, due process of law may authorize its summary destruction." *Sentell, supra.* The Supreme Court held in *Sentell* that a state in a bona fide exercise of its police power may interfere with private property, and even order its destruction for the welfare and comfort of its citizens. Property in dogs is of an imperfect or qualified nature and dogs may be subjected to peculiar and drastic police regulation by the state without depriving their owners of any federal right. *Nicchia v. New York*, 254 U.S. 228, 41 S.Ct. 103, 65 L.Ed. 235 (1920). The individual's privilege to use property freely is always subject to a legitimate exercise of the police power under which new burdens and restrictions may be imposed when the public welfare demands. *Village of Carpentersville v. Fiala*, 98 Ill. App. (3d)

1005, 54 Ill. Dec. 521, 425 N.E. (2d) 33 (1981), *cert. denied,* 456 U.S. 990, 102 S.Ct. 2271, 73 L.Ed. (2d) 1285, *rehearing denied,* 458 U.S. 1132, 103 S.Ct. 17, 73 L.Ed. (2d) 1402 (1982).

Appellants further claim the ordinance deprive them of the use of their house by banning wild animals. However, the ordinance governs the control of certain animals within the town and not the use of the house. The court properly ruled the ordinance regulating the keeping of animals within the town limits is a valid exercise of the police power. *See Darlington v. Ward,* 48 S.C. 570, 26 S.E. 906 (1897). We find no violation of appellants' due process rights.

### *Preemption by Federal and State Law*

Appellants asserts the ordinance is preempted by the Federal Endangered Species Act (FESA), 16 U.S.C. §§ 1531 et seq. and the S.C. Nongame and Endangered Species Conservation Act, S.C. Code Ann. §§ 50-15-10 et seq. (1992). To determine whether the ordinance has been preempted by Federal or State law, we must determine whether there is a conflict between the ordinance and the statutes and whether the ordinance creates any obstacle to the fulfillment of Federal or State objectives. *Gibbons v. Ogden,* 22 U.S. (9 Wheat) 1, 6, L.Ed. 23 (1824).

The circuit court found no conflict nor obstacles created by the ordinance that would pose any threat to wolves as an endangered species. The stated purpose of FESA is to preserve the habitat of endangered species and provide a program for their conservation. The stated purpose of the local ordinance is to regulate the care and control of animals within the town limits to protect the safety, health and general welfare of the community. Under the FESA a permit can be obtained to possess endangered animals. The ordinance does not run contrary to the permitting of animals, but regulates the conditions under which certain animals can be kept in the town. Furthermore, the FESA provides that any state law respecting taking of endangered species may be more restrictive than federal exemptions or permits. 16 U.S.C.A. § 1535(f) (1985).

Appellants contend the Town ordinance is likewise inconsistent with the State Nongame and Endangered Species Conservation Act, § 50-15-10, which parallels FESA. We disagree for the above-stated reasoning.

## Equal Protection Violation

Appellants content the ordinance violates their equal protection rights because the 200-foot clearance zone has no rational basis and the classification of wolves as within the prohibition has no rational relation to public safety. We disagree.

■ The requirements of equal protection are met if:

1) the classification bears a reasonable relationship to the legislative purpose sought to be effected;
2) the members of the class are treated alike under similar circumstances; and
3) the classification rests on a reasonable basis.

*Robinson v. Richland County Council*, 293 S.C. 27, 358 S.E. (2d) 392 (1987).

■■ The determination of whether a classification is reasonable is initially one for the legislative body and will be upheld if it is not plainly arbitrary and there is a reasonable hypothesis to support it. *Smith v. Smith*, 291 S.C. 420, 354 S.E. (2d) 36 (1987). Great deference must be given to the classification passed by the legislation. *Id.* No statute is subject to an equal protection challenge as long as the classification drawn by the legislation bears a reasonable relationship to a legitimate governmental policy. *Floyd v. South Carolina Employment Sec. Comm.*, 281 S.C. 483, 316 S.E. (2d) 143 (1984).

■ The circuit court found there was a rational basis for the distance requirement in that virtually all residential subdivisions have houses closer than 200 feet. It was the intent of Town Council to limit the possession of wild animals by permitted entities to those areas outside of residential subdivisions. Accordingly, it is not arbitrary for a town to desire to keep wild animals at a distance of at least 200 feet from residents.

■ The classification of wolves as wild animals is not arbitrary. Appellants testified that a wolf is generally classified scientifically and by animal experts as a wild animal. Wolves are included on the federal endangered species list. Wolves are classified as being predatory animals in the State Endangered Species Act, S.C. Code Ann. § 50-11-1150. Consequently, wolves are appropriately classified as wild animals and the ordinance does not violate appellants' equal protection rights.

532

## CONCLUSION

The exercise of police power under a municipal ordinance is subject to judicial correction only if the action is arbitrary and has no reasonable relation to a lawful purpose. *Town of Scranton v. Willoughby*, 306 S.C. 421, 412 S.E. (2d) 424 (1991). Ordinances are presumed constitutional and their unconstitutionality must be proven beyond a reasonable doubt. *Rothschild v. Richland County Board of Adjustment*, 309 S.C. 194, 420 S.E. (2d) 853 (1992). Appellants have not met their burden of proving beyond a reasonable doubt the ordinance is unconstitutional. The trial court properly denied declaratory and injunctive relief.

Affirmed.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.