493 S.E.2d 342

**CONDOR, INC., d/b/a COPA a/k/a Video Depot & Fun Fair II, Appellant,**

**v.**

**BOARD OF ZONING APPEALS, CITY OF NORTH CHARLESTON, Respondent.**

**James A. PORTER, a/k/a James E. Potter, a/k/a Hanes E. Potter, d/b/a Big Jim's 24 Hour Video and James A. Porter, a/k/a/ James E. Potter, d/b/a Big Jim's News & Video, Appellants,**

**v.**

**BOARD OF ZONING APPEALS, CITY OF NORTH CHARLESTON, Respondent.**

No. 24710.

Supreme Court of South Carolina.

Heard Sept. 18, 1997.

Decided Nov. 10, 1997.

174

H. Louis Sirkin and Anita P. Berding of Sirkin, Pinales, Mezibov & Schwartz, Cincinnati, OH; Thomas R. Goldstein of Belk, Cobb, Infinger & Goldstein, Charleston; and John L. Weaver, North Charleston, for appellants.

J. Brady Hair; and Derk B.K. Van Raalte, North Charleston, for respondent.

BURNETT, Justice:

Appellants, operators of sexually oriented businesses, challenge the applicability and constitutionality of the City of North Charleston's (City's) Ordinance § 4–14 which, *inter alia*, restricts the location of sexually oriented businesses. Appellants contend: 1) there is no evidence they operated sexually oriented businesses in September 1992 and 2) the ordinance is unconstitutional as applied because it effectively "zones out" sexually oriented businesses from the City.

## BACKGROUND

In September 1992, the City building administrator notified appellants they were operating sexually oriented businesses in violation of § 4–14's zoning regulations and ordered them to cease and desist. Appellants appealed this notification to the Board of Zoning Appeals (Board) for the City. After a hearing, the Board affirmed the decision of the building administrator. On appeal, the circuit court reversed finding the Board had lacked a quorum to conduct business and remanded for a new hearing.

A second hearing was held on November 6, 1995. Subsequent to the hearing, the Board again affirmed the findings of the building administrator and ordered appellants to cease and desist their operations. Appellants filed a Verified Petition of Appeal. The circuit court affirmed.

## SECTION 4–14

In relevant part, § 4–14 defines "sexually oriented business" as "an adult arcade, adult bookstore or adult video store, adult cabaret, adult motel, adult motion picture theater, adult theater, escort agency, nude model studio, or sexual encounter center." The definition of each of these types of businesses is contained in § 4–14. All sexually oriented businesses must be located within an M–1 or M–2 zoning district (light or heavy industrial) and meet certain proximity requirements.[1]

---

1. The ordinance was passed in 1990 and provided businesses a two year amortization period in which to relocate. In most pertinent parts, § 4–14 is virtually identical to the Richland County Ordinance challenged in *Centaur, Inc. v. Richland County,* 301 S.C. 374, 392 S.E.2d

## ISSUES

I.  Is there any evidence to support the Board's finding appellants were operating sexually oriented businesses in September 1992?

II.  Is § 4–14 unconstitutional as applied because it effectively "zones out" appellants' ability to operate sexually oriented businesses within the City?

## DISCUSSION

### I.

■  Appellants concede they were operating sexually oriented businesses at the time of the second Board hearing in November 1995, but argue there was no evidence they operated sexually oriented establishments in September 1992 when they were ordered to cease and desist.  They contend testimony that they operated sexually oriented businesses two to three years before the November 1995 hearing is insufficient to prove their businesses were sexually oriented before issuance of the September 1992 cease and desist order.  We disagree.

At the second Board hearing in November 1995, the City Attorney stated City employees investigated the establishments three or four days before the hearing.  Wayne Nolin, a City building official, testified he and another employee inspected Big Jim's News & Video.  He explained the business was open twenty-four hours a day and prohibited individuals under eighteen years of age from entering.  Nolin testified there were video poker machines in the lobby.  Sex paraphernalia and magazines and videos with covers depicting individuals engaged in heterosexual, homosexual, and group intercourse were for sale.  In a private room Nolin watched portions of four or five videos depicting sexual intercourse between individuals.  He purchased a sample magazine and video which were viewed by the Board.  Nolin testified the business only offered for sale materials which appeared to be sexually oriented.  He testified he inspected the same business three years ago, it had the same business purpose then,

---

165 (1990).  The Richland County ordinance was held facially constitutional.  *Id.*

and was a "little bit cleaner" now. The parties stipulated the employee who accompanied Nolin would offer similar testimony.

Sean Kennedy, a City employee previously employed with Building & Zoning, testified he and another City employee investigated Fun Fair II. Kennedy observed electronic devices resembling genitals, and video tapes and magazines with covers depicting individuals engaged in heterosexual and homosexual activity. Kennedy purchased a magazine which was viewed by the Board. In addition, Kennedy testified three young women offered to dance for him. He paid the women the advertised rate of $30 and the women danced naked for him in a back room. Kennedy stated he saw nothing in Fun Fair II which was not sexually related. He further testified, except for having the women dance, Fun Fair II was the same as it was two or three years ago. The parties stipulated the employee who accompanied Kennedy would offer the same testimony.

The parties also stipulated, except for the nude dancing, similar testimony would be offered regarding Big Jim's 24 Hour Video and Video Depot. Based on this evidence, the Board determined the establishments operated as sexually oriented businesses.

Although the witnesses described the nature of the businesses as of November 1995, they also testified they observed the same activity in the establishments either three or two or three years earlier. Although the witnesses could have been more specific as to the date of their prior investigations, the only reasonable inference is that they observed appellants' businesses prior to issuance of the September 1992 cease and desist order. We conclude this evidence is sufficient to support the Board's conclusion appellants were operating sexually oriented businesses at the time of the issuance of the cease and desist order in September 1992. *Peterson Outdoor Advertising v. City of Myrtle Beach,* 327 S.C. 230, 489 S.E.2d 630 (1997) (in the context of zoning, a decision of a reviewing body will not be disturbed if there is evidence in the record to support its decision); *Sea Island Scenic Parkway Coalition v. Beaufort County Board of Adjustments and Appeals,* 321 S.C. 548, 471 S.E.2d 142 (1996) (this Court will affirm factual

findings by a board of zoning appeals if they are not arbitrary and clearly erroneous in view of the evidence in the record).[2]

## II.

In their brief, appellants argued § 4–14 is unconstitutional as applied because it effectively "zones out" their ability to operate within the City. They claimed the ordinance provides no reasonable alternative avenues of communication for their businesses in violation of the First Amendment.[3]

At argument, appellants abandoned this issue. They conceded there was evidence to support the circuit court's conclusion reasonable locations meeting the zoning and proximity requirements of § 4–14 exist.[4] *See, Ex parte McMillan,* 319 S.C. 331, 461 S.E.2d 43 (1995) (issue conceded in trial court cannot be argued on appeal).

In any event, the record supports the circuit court's conclusion. Although appellants' witness testified there were no locations within the City where appellants' businesses could relocate without violating § 4–14, the City's witness testified there were twenty-one properties within the M1 and M2 zoning districts which met the proximity requirements of § 4– 14. This evidence is sufficient to support the circuit court's conclusion that, as applied, § 4–14 provides reasonable opportunity for appellants to relocate and operate their sexually oriented businesses in the City and, therefore, does not violate

---

2. Moreover, during argument, appellants' counsel admitted the City had conducted only two investigations of appellants' businesses, one in 1992 and one in 1995.

3. *See, City of Renton v. Playtime Theatres, Inc.,* 475 U.S. 41, 45, 106, S.Ct. 925, 928, 89 L.Ed.2d 29, 37 (1986) (" '[C]ontent-neutral' time, place, and manner regulations are acceptable so long as they are designed to serve a substantial governmental interest and do not unreasonably limit alternative avenues of communication.").

4. Moreover, appellants admitted this issue was not presented in their Verified Petition of Appeal to the circuit court. Accordingly, we find this issue is not properly preserved for consideration on appeal. *See, Graniteville Manufacturing Co. v. Renew,* 113 S.C. 171, 102 S.E. 18 (1920) (an issue not raised by exception to the circuit court on appeal from a magistrate and a jury cannot be raised for the first time in the Supreme Court).

the First Amendment. *Peterson Outdoor Advertising v. City of Myrtle Beach, id.; Sea Island Scenic Parkway Coalition v. Beaufort County Board of Adjustments and Appeals, id.; see also Rothschild v. Richland County Board of Adjustment,* 309 S.C. 194, 420 S.E.2d 853 (1992) (the party challenging the constitutionality of an ordinance as applied has the burden of proving the ordinance unconstitutional beyond a reasonable doubt).

For the above reasons, the order of the circuit court is AFFIRMED.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.