THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 South Carolina Department of Social Services, Respondent,
 
 
 

v.

 
 
 
 Valerie Vanessa Mathis B.; Ronald B.; Hector Manuel L., Jr., DOB: 02/27/91; and Veronica Lee B., DOB:  02/01/95; Defendants,
 of whom Valerie Vanessa Mathis B. is Appellant.
 
 
 

Appeal From Berkeley County
 Jocelyn B. Cate, Family Court Judge

Unpublished Opinion No.  2006-UP-382
Submitted November 1, 2006  Filed November 27, 2006

AFFIRMED

 
 
 
 Diedra W. Hightower, of Charleston, for Appellant.
 Thomas P. Stoney, II, of Moncks Corner, for Respondent.
 
 
 

PER CURIAM:  Valerie Vanessa Mathis B.[1] (Mother) appeals the family courts order terminating her parental rights to her two minor children.  We affirm.[2]
FACTS/PROCEDUREAL HISTORY
Mother is the parent of three children, each of whom has a different father.  Her oldest child is emancipated and not part of this termination of parental rights (TPR) action.  Mother gave birth to Hector Manuel L., Jr. (Hector) on February 27, 1991.  Hectors father is deceased and not part of this TPR action.  Mothers youngest child is Veronica Lee B. (Veronica), who was born on February 1, 1995, to Ronald B. (Father).  
DSS took the children into emergency protective custody on January 10, 2002, on allegations of educational neglect and threat of harm of physical neglect.[3]  At the time, Mother was living in a hotel purportedly after leaving the family residence due to domestic violence, and the children did not attend school.  On the night before the children were removed, Mother had used crack cocaine in bed with her paramour while the children slept just a few feet away on a couch.  
On February 11, 2002, Mother consented to begin a treatment plan.  Among other things, the treatment plan required that within six months she:  financially support the children; provide a safe and nurturing home free from abuse and neglect; sign specific releases; submit to random drug screenings; and engage in recommended drug counseling, alcohol counseling, and family therapy.  Mother ultimately was discharged from four substance abuse programs for failing to attend scheduled appointments or testing positive for cocaine or crack cocaine. 
DSS ultimately initiated the present action on October 1, 2003.  A final hearing was originally scheduled for January 24, 2005, but was continued so Mother could have a final opportunity to demonstrate compliance with the treatment plan.  Based on what essentially amounted to the parties reiteration of Mothers previous treatment plan, in February 2005 Mother agreed to:  obtain proper housing by March 1, 2005; sign releases for her treatment providers; submit to hair follicle testing by February 14, 2005; undergo random urine testing for drugs; obtain written updates from her treatment providers; provide proof she receives a steady income; and clear outstanding warrants for her arrest by March 1, 2005.  Mother admittedly failed to achieve any of these tasks except for clearing her outstanding arrest warrants. 
In an attempt to resolve her outstanding arrest warrants, Mother was incarcerated on February 15, 2005, for charges of breach of trust, forgery, passing fraudulent checks to her employer, and probation violation.  Her anticipated release date was July 1, 2005.  
The merits hearing that began in January 2005 resumed on June 6, 2005.  The family court issued a written order on July 12, 2005, in which it found Mother had failed to demonstrate compliance with her treatment plan, among other things.  The court terminated Mothers parental rights to her minor children pursuant to the following statutory grounds:  (1) failing to remedy the conditions that led to the childrens removal; (2) willfully failing to support her minor children; and (3) because her minor children had been in foster care for fifteen of the preceding twenty-two months.  After finding statutory grounds for termination, the family court also determined that TPR was in the childrens best interests.[4]  This appeal followed.
SCOPE OF REVIEW
Under South Carolinas TPR statute, [t]he family court may order the termination of parental rights upon a finding of one or more of the [listed] grounds and a finding that termination is in the best interest of the child. S.C. Code Ann. § 20-7-1572 (Supp. 2005).  Grounds for TPR must be proved by clear and convincing evidence.  Hooper v. Rockwell, 334 S.C. 281, 296, 513 S.E.2d 358, 366 (1999).  On appeal, this court may review the record and make its own determination whether the grounds for termination are supported by clear and convincing evidence.  S.C. Dept of Soc. Servs. v. Cummings, 345 S.C. 288, 293, 547 S.E.2d 506, 509 (Ct. App. 2001).  Despite this broad scope of review, however, we should not necessarily disregard the findings of the family court because the family court is in a better position to evaluate the credibility of the witnesses and assign weight to their testimony.  Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 452, 477 S.E.2d 476, 480 (Ct. App. 1996).
DISCUSSION
Mother does not dispute that her minor children were in foster care for at least fifteen of the twenty-two months preceding the TPR hearing.[5]  Instead, she contends the family court erred in terminating her parental rights solely on the statutory basis that the children had been in foster care under DSS custody for at least fifteen of the previous months.  See S.C. Code Ann. § 20-7-1572(8) (Supp. 2005) (providing a ground for termination where a child has been in DSS custody for fifteen of the preceding twenty-two months).  Specifically, Mother claims such a termination does not comport with due process or fundamental fairness under federal constitution.      
The record, however, contains no indication that this issue was ever raised to or ruled upon by the family court.  Thus, the issue is not preserved for appellate review.  See Charleston County Dept of Soc. Servs. v. Jackson, 368 S.C. 87, 104-05, 627 S.E.2d 765, 775 (Ct. App. 2006) (finding Fathers claim that termination of parental rights violated his right to due process was not preserved for appellate review since this issue was not raised to or ruled upon by the trial court); Grant v. S.C. Coastal Council, 319 S.C. 348, 356, 461 S.E.2d 388, 392 (1995) (holding a constitutional due process claim raised for first time on appeal was not preserved); In re Care & Treatment of Corley, 365 S.C. 252, 258, 616 S.E.2d 441, 444 (Ct. App. 2005) (Constitutional issues, like most others, must be raised to and ruled on by the trial court to be preserved for appeal.).   
Because we find at least one statutory ground for TPR has been met, the only issue remaining for us to consider is whether termination is in the childrens best interests.  See S.C. Code Ann. § 20-7-1572 (Supp. 2005) (providing family court may terminate parental rights if it finds at least one of the statutory grounds for termination has been met and that termination is in the best interests of the child); S.C. Dept of Soc. Servs. v. Sims, 359 S.C. 601, 608, 598 S.E.2d 303, 307 (Ct. App. 2004) (A finding pursuant to section 20-7-1572(8) alone is sufficient to support a termination of parental rights.); see also Charleston County Dept of Soc. Servs. v. King, 369 S.C. 96, ____, 631 S.E.2d 239, 241 (2006) (declining to address merits of arguments against additional TPR grounds where at least one TPR ground is undisputedly proven).[6]  
Based on our review of the record, we find there is clear and convincing evidence that the termination of Mothers parental rights was in the best interests of the children.  Testimony from the childrens guardian ad litem indicates their best interests were served by terminating Mothers parental rights.  She testified she had been the childrens guardian for over three years and during that time Mother had been difficult to communicate with and was uncooperative and difficult.  She said the children were doing much better, and were living in a loving, stable, and secure home.  In particular, she noted that Veronica had initially been belligerent and would act out, but had since made a 100 percent turnaround.  The guardian ad litem expressly testified that terminating Mothers parental rights was in the childrens best interests.  
Based on the foregoing, the TPR order of the family court is
AFFIRMED.
ANDERSON, HUFF, and BEATTY, JJ., concur.

[1] In order to protect the identities of the parties, we refer to them only by their first names and the last initial.
[2] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[3] DSS had previously been involved with the family in 1998.  At that time, Mother fled to Florida to avoid having the children taken into emergency protective custody.  Mother eventually fled the State of Florida and returned to South Carolina after Florida authorities sought to take the children into protective custody following reports that Mother had left the children at home unsupervised for an entire day.  
[4] Section 20-7-1572(2), (4), and (8) of the South Carolina Code provides the family court may order the termination of parental rights upon a finding of one or more of the following grounds and a finding that termination is in the best interest of the child:
(2) The child has been removed from the parent pursuant to Section 20-7-610 or Section 20-7-736, has been out of the home for a period of six months following the adoption of a placement plan by court order or by agreement between the department and the parent, and the parent has not remedied the conditions which caused the removal;
. . .
(4) The child has lived outside the home of either parent for a period of six months, and during that time the parent has willfully failed to support the child.  Failure to support means that the parent has failed to make a material contribution to the childs care.  A material contribution consists of either financial contributions according to the parents means or contributions of food, clothing, shelter, or other necessities for the care of the child according to the parents means.  The court may consider all relevant circumstances in determining whether or not the parent has willfully failed to support the child, including requests for support by the custodian and the ability of the parent to provide support;
. . . 
8) The child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months.
S.C. Code Ann. § 20-7-1572 (Supp. 2005).
[5]  At the time of the hearing in June 2005, the children had been in foster care for approximately forty months or three and one-half years.  
[6]  In light of our affirmance on this ground, we find it unnecessary to address Mothers remaining issues in which she challenges the family courts findings regarding the following statutory grounds for termination:  (1)  she willfully failed to comply with the February 2005 treatment plan; (2) there was clear and convincing evidence that she willfully refused to remedy the conditions that caused the removal of her children; and (3) she willfully failed to make material contributions for the care of her children while in the custody of DSS.  See Dept of Soc. Servs. v. Phillips, 365 S.C. 572, 577, 618 S.E.2d 922, 924 (Ct. App. 2005) (declining to address in TPR action family courts additional finding concerning Mothers failure to support child where appellate court affirmed finding that Mother failed to adequately remedy the conditions which caused the childs removal).
 Additionally, Mother argues the family court improperly shifted to her the burden to present clear and convincing evidence to disprove the charges lodged by DSS.   To support her argument, Mother only makes reference to statements by DSS and the childrens guardian ad litem indicating Mother failed to demonstrate compliance with her treatment plan.  However, Mother admitted at trial that the burden was on her to demonstrate she completed her treatment plan.  Because Mother conceded this issue at trial, she may not raise it on appeal.  See Condor, Inc. v. Bd. of Zoning Appeals, 328 S.C. 173, 178, 493 S.E.2d 342, 344 (1997) (holding an issue conceded in trial court cannot be argued on appeal).